IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-51,005-02






EX PARTE MICHAEL L. FORSMO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D 06 0063AR IN THE 260TH DISTRICT COURT


FROM ORANGE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to five (5) years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because Applicant was promised that he
would receive a sentence of eight (8) years' probation if he pleaded guilty but instead he received
a sentence of five (5) years' confinement. Applicant has alleged facts that, if true, might entitle him
to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96
(Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the plea papers and the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: February 28, 2007

Do not publish